UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVEN SHAH,<br><br>        Plaintiff,<br><br>     v.<br><br>APPLIED MICRO CIRCUITS CORPORATION, et al.,<br><br>        Defendants. | Case No. 17-cv-00151-VC<br><br>**ORDER DENYING MOTION TO WITHDRAW STIPULATION, GRANTING STIPULATED DISMISSAL**<br><br>Re: Dkt. Nos. 11, 19, 39, 47, 49, 50 |

      Shah's request to withdraw the stipulation of dismissal is denied. *See* Dkt. No. 19. The stipulation represents a bargained settlement between the parties – an agreement – according to which Shah obtained supplemental disclosures in exchange for dismissal of the action. *See* Dkt. No. 11 at 3-4; *see also Los Angeles City Sch. Dist. of Los Angeles County v. Landier Mgmt. Co.*, 177 Cal. App. 2d 744, 750 (1960). Shah cannot withdraw consent to this agreement at will. He might invoke an ordinary contract defense to defeat the agreement or avoid the obligations it imposes. *See* Reply (Dkt. No. 26) at 6-7. But he hasn't identified a contract defense applicable to this situation. *See id.* at 6 n.2; *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1421 & n.9 (1996), *as modified on denial of reh'g* (Feb. 22, 1996). Shah might invoke agency principles to argue that his counsel lacked the authority to stipulate to dismissal on his behalf. But the evidence Shah has submitted reveals, at best, only that Shah's current counsel has revived his belief in the merits of his claims. That's not enough to create a factual dispute regarding the former counsel's "specific authorization" to settle. *Zamora v. Clayborn Contracting Grp., Inc.*, 28 Cal. 4th 249, 260 (2002); *see also In re Clawson*, 434 B.R. 556, 570-71 (N.D. Cal. 2010). While it's true that Shah's specific authorization was memorialized in a

"scripted," after-the-fact statement, Shah hasn't directly challenged that statement's accuracy or authenticity. *See* Reply (Dkt. No. 47-5) at 2; Gallagher Decl., Ex. A (Dkt. No. 39-6) at DS00037-38. Instead, he challenges the accuracy of the advice his former counsel gave him. *See* Holleman Decl., Ex. 2 (Dkt. No. 47-6) at DS00093; Shah Decl. (Dkt. No. 26-1) at ¶¶ 6-7. That sort of argument – dealing with the adequacy of representation and alleged ethical impropriety – belongs in a direct action against the former counsel. *See, e.g.*, *Fair v. Bakhtiari*, 195 Cal. App. 4th 1135, 1153-54 (2011).

The stipulation of dismissal is granted. *See* Dkt. Nos. 11, 20. This case is dismissed with prejudice as to Shah and without prejudice as to the remaining class members. The administrative motions to seal are denied because Shah's reply declaration waived the attorney-client privilege as to the circumstances surrounding the stipulation. *See* Shah Decl. at ¶¶ 6-7; *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). The parties must refile the provisionally sealed material in unredacted form within 7 days of this Order. *See* Civil L.R. 79-5(f). Brower Piven's request for unsealed copies of the parties' supplemental papers is denied as moot.

If the parties anticipate a motion for attorneys' fees in this case, they should confer on a briefing schedule and submit a proposal within 7 days of this Order.

The Clerk of Court will close the case.

**IT IS SO ORDERED.**

Dated: June 23, 2017

VINCE CHHABRIA
United States District Judge